IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HENRY CARL BOURG | § | |
| | § | CIVIL ACTION NO. 6:05cv204 |
| CHANEY HOWETH | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Henry Bourg, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

An evidentiary hearing was conducted on December 19, 2005, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). Bourg testified that on October 6, 2004, he was driving his mother's car in Henderson, Texas. He had just got out of the hospital and was driving up North Morse Road, when he was stopped by a Department of Public Safety officer named Chaney Howeth, who pulled him over for an expired safety sticker. Bourg says that he is 100 percent disabled and that he could not walk too well; he states that he was still wearing his band from the hospital.

Bourg states that when Officer Howeth saw that he could not stand very well, the officer gave him two breath tests, which Bourg says that he passed. Officer Howeth then told him to walk ten feet, turn around, and walk back. Bourg told the officer that he did not think that he could do that because he is disabled, and Howeth said to "try it anyway." Bourg did so, and says that he did pretty well walking down, but when he came back, he almost fell. Bourg explains that he has no discs in his back between the L-4 and L-5 vertebrae, which makes him "very unstable."

Bourg says that Officer Howeth took a form entitled "Notice of Suspension" and marked on it that he, Bourg, had refused to provide a specimen of breath or blood following the arrest. Bourg states that his driver's license was confiscated, but that he did not know that Howeth had written the form until he got out of jail.

According to Bourg, the second breath test was given to him at the parking lot of the jail. He said that Officer Howeth never asked him for a blood sample. When he went into the jail, Bourg said, he called a bail bondsman, whom he had known in high school, and asked her to hurry up and get him out of jail because the steel bunk on which he had to lay was hurting his back. Bourg stated that he remained in jail overnight and was released the following day.

Bourg complained that his driver's license was suspended on the spot, and the reason given on the paperwork was that he had refused to take a breath test, even though he had not refused. He said that he got a letter telling him that it would cost about $1,000.00 to get his driver's license back, and he is on Social Security. Bourg said that he did not think that he could ever drive again.

In addition, Bourg said that Officer Howeth wrote on the form that Bourg had refused to sign the notice of suspension of his driver's license, when in fact Bourg had never been given an opportunity to sign the document or even to see it. Bourg also said that when he called the Department of Public Safety, he was told that they did not have copies of the forms nor even any record of Bourg's arrest.

The Magistrate Judge ordered Officer Howeth to answer the lawsuit. On April 19, 2006, Howeth filed a motion for summary judgment. Bourg did not file a response to this motion.

After review of the motion and the competent summary judgment evidence, the Magistrate Judge issued a Report on August 28, 2006, recommending that the motion be granted and that the lawsuit be dismissed. The motion for summary judgment stated, and the evidence showed, that on January 26, 2005, Bourg pleaded guilty to the Class B misdemeanor of driving while intoxicated. He was placed on probation for 24 months and his driver's license was suspended for 90 days.

The Magistrate Judge observed that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Ballard v. Burton, 444 F.3d 391, 395 (5th Cir. 2006), *citing* Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck requires that the district court consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

In this case, the Magistrate Judge concluded that a judgment in Bourg's favor in this lawsuit would necessarily imply the invalidity of his conviction. Bourg argues that he was not intoxicated at all, but failed the field sobriety tests because of his disability, and that Officer Howeth failed to follow proper procedures in the course of the arrest. As a result, in order to recover damages on his lawsuit, Bourg must show that his conviction for driving while intoxicated has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, but did not do so. Consequently, the Magistrate Judge said, Bourg's lawsuit should be dismissed without prejudice, subject to Bourg's showing that the conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. Clarke v. Stalder, 154 F.3d 186, 191 (5th Cir. 1998).

A copy of this Report was sent to Bourg at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of

plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Reports of the Magistrate Judge are correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendant's motion for summary judgment is GRANTED and that the above-styled civil action be and hereby is DISMISSED without prejudice, subject to Bourg's showing that the conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. See Price v. City of San Antonio, 431 F.3d 890, 895 (5th Cir. 2005). It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 15th day of October, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**